The Hammondsport & Bath Plank Road Co. agt. Brundage.

---

# SUPREME COURT.

The Hammondsport & Bath Plank Road Company, respondents, agt. James Brundage, appellant.

The right of a *plank road company* to erect a *toll-gate*, and to *exact tolls* thereat, depends (under the plank road acts of 1847 and 1849) upon their having at least *three consecutive miles* of the road completed and inspected, as provided in said acts.

The *evidence* of such completion is the *certificate*, or *certificates* of the *inspectors*, " that the road so inspected is made and completed according to the true intent and meaning of this act." Such certificates are required to be filed in the proper county clerk's office.

These certificates should describe, with reasonable certainty, *the part of the road* inspected, and which the inspectors are satisfied is completed. They should also show that the number of miles therein mentioned are *consecutive* miles.

The statute having settled the kind and character of evidence to establish the fact of the completion of the road, or any part or portion of it—that is, the certificate of the inspectors—*parol evidence* on that subject is *inadmissible* It is not only inadmissible under the statute, but upon general principles.

The Hammondsport & Bath Plank Road Co. agt. Brundage.

Under the Revised Statutes (1 *R. S.* 588) a penalty of $25 is given for forcibly or fraudulently passing a toll-gate, which, by the act of 1849, is applied to the companies organized under the act of 1847. Therefore, where there is a prosecution for such penalty, in violation of this statute, it must appear from the evidence that the defendant *forcibly* and *fraudulently* passed the toll-gate.

By an act of the 14th April, 1855, (*Sess. L.* 1855, *ch.* 485, *p.* 874,) it is declared that any person who shall pass any turnpike or plank road gate, without paying the toll required by law, and *with intent to avoid the payment thereof,* shall, for each offence, forfeit and pay, to the corporation injured thereby, $10

*Argued at Chambers, Penn Yan, April 3d,* 1856, *as of the Ontario Special Term,* 1st *Monday in April,* (*April* 6th,) 1856.

APPEAL from a judgment of a justice of the peace of Steuben county, heard in the first instance in this court, upon the certificate of the county judge of that county that he was a stockholder in the plaintiffs' road, pursuant to § 31 of the judiciary law of 1847. (*Ch.* 470 *of Sess. L. of that year.*)

The facts of the case are sufficiently stated in the following opinion.

B. BENNETT, *for appellant.*
M. BROWN, *for respondents.*

WELLES, Justice. The action before the justice was brought to recover of the defendant a penalty of $25, for fraudulently passing a toll-gate erected on the plaintiffs' road.

The plaintiffs' articles of association, which were filed in the office of the secretary of state Feb. 6th, 1850, stated, among other things, that the company was formed for the purpose of constructing a plank road from the southeast corner of Crooked Lake, in the town of Urbana, in the county of Steuben, from thence to and through the village of Hammondsport, in said town, thence to the village of Bath, and from thence to the village of Kennedyville, in the town of Bath, in said county, a distance of twelve miles, as near as may be.

Upon the trial the plaintiffs, with a view of showing themselves entitled to erect the toll-gate in question, introduced in evidence copies of four certificates, duly certified by the clerk

of the county of Steuben, the first of which is in the words and figures following, viz.:—

" The undersigned, inspectors of plank and turnpike roads in and for the county of Steuben, do certify that, in pursuance of an act to provide for the incorporation of companies to construct plank roads, and for companies to construct turnpike roads, passed May 7th, 1847—and of the act in relation to plank roads and turnpike roads passed April 6th, 1849, we have inspected three and three-fourth miles of the plank road lately constructed by The Hammondsport & Bath Plank Road Company in said county, and are satisfied that the said road is made and completed according to the intent and meaning of the said act.

" JAMES FRENCH,

" O. WHEELER,

" G. A. ROGERS.

" Dated, July 2, 1850.

" Filed, July 3d, 1850, at 6 P. M."

The next two of said certificates were similar in form—one filed August 16, 1850, being for three and a quarter miles, and the other, filed August 30, 1850, for one mile. The fourth certificate was dated November 11, 1850, and stated that they (the inspectors) had " examined the plank road lately con- structed," &c., as in the others, " extending from Kennedy- ville, in said county, to or near the line of the corporation of the village of Bath, and that three miles of said road is made and completed according to the true intent and meaning of said act."

The plaintiffs gave parol evidence to show what portions of the road the three first mentioned certificates were intended to apply to. Also, to show that the gate in question was erected in the town of Urbana, on that portion of the road for which the certificate first mentioned, and above set forth, was intended to apply.

To the admission of the certificates as evidence, and the

The Hammondsport & Bath Plank Road Co. agt. Brundage.

parol evidence of the portions of the road to which they were intended to apply, the defendant in due time objected—which objection the justice overruled.

The plank road act of 1847 (*Sess. L. of that year, ch.* 210, § 34, *p.* 225,) provides that when a plank road company shall have completed their road, or any five consecutive miles thereof, it may apply to any two of the inspectors of plank roads to inspect the same; and if the inspectors are satisfied " that the road so inspected is made and completed according to the true intent and meaning of this act, they shall grant a certificate to that effect," &c.

The next section provides that, upon filing as aforesaid such certificate, the company may erect one or more toll-gates upon their road, but not within three miles of each other, and may demand and receive toll, &c.

By § 4, of chap. 250 of the laws of 1849, (*p.* 375,) any company, formed under the first mentioned act, may erect a toll-gate whenever they shall have finished their road, or any three consecutive miles thereof, and had the same inspected, as provided in the before mentioned act, for a term not exceeding one year, unless such road, or five consecutive miles thereof, be completed within such year.

The right of a plank road company to erect a gate, or gates, and to exact tolls thereat, depends upon their having at least three consecutive miles of the road completed and inspected, as provided in the acts referred to. The evidence of the completion of the road, or a sufficient portion thereof to justify the erection of toll-gates and the exaction of toll, is the certificate, or certificates of the inspectors. That was manifestly the intention of the legislature.

The first three certificates in this case were not, in my judgment, a compliance with the requirement of the law, but were fatally defective by reason of the uncertainty in respect to the portions of the road to which they were intended to apply. They do not indicate what parts of the road had been inspected, or were completed. This was clearly what the statutes referred to, contemplate. The certificate should describe,

with reasonable certainty, the part inspected, and which the inspectors are satisfied is completed.

There is still another fatal defect in the three certificates under consideration. They do not show that the number of miles therein mentioned were *consecutive* miles. Take the first one for example. It would have been literally true, if the inspectors had inspected and found four or more separate parts of the road completed, neither part exceeding one mile, with intervals of unfinished road between them. The three miles of completed road necessary to entitle the company to erect a toll-gate must be consecutive.

It is no answer to say that the sum of the distances or parts completed, as shown by the four certificates, amounts to or embraces the whole length of the road. The object of the law is that the public shall have the evidence in the county clerk's office, of the right of the company to exact the payment of toll for travelling their road.

Suppose a plank road company completes two miles of their road, and gets it inspected, and the certificate duly filed; after which they complete two more adjoining miles of their road, and procure the inspectors, and they certify, as they might do truly, that four miles were inspected, &c., adding the distances or length of road inspected in the two certificates, would make six miles, whereas only four miles had really been inspected or made. It does not, therefore, appear by the certificates of the inspectors that the whole length of the road has been completed.

The parol evidence on that subject was improperly received. As before remarked, the statute has settled the kind and character of evidence, to establish the fact of the completion of the road, or any part or portion of it, and that is the certificate of the inspectors. Besides, the parol evidence was improper upon general principles. If parol evidence was admissible to explain the certificates, and to show the parts of the road inspected, and to which parts the certificates were to apply respectively, it is not perceived why the certificates might not be dispensed with altogether.

There is another ground upon which the judgment should be reversed. Assuming that the plaintiffs gave evidence sufficient to entitle them to erect the gate in question, and to demand toll, the evidence fails to show that the defendant had done enough to incur the penalty of twenty-five dollars—given for *forcibly* or *fraudulently* passing a toll-gate, as provided by § 54 of title 1 of chapter 18 of part 1 of the Revised Statutes, (1 *R. S.* 588,) which by § 5 of the act of 1849, (*Sess. L. of that year*, p. 375,) is applied to companies organized under the above cited act of 1847. The evidence shows that the defendant passed the gate without the payment of toll; but there is an entire absence of evidence to show, or tending to show that it was done by either force or fraud. It shows that the defendant refused to pay the toll, which was demanded by the gate-keeper. The gate was open when the defendant drove up, and he passed his team and wagon two-thirds through it and stopped, when he and the keeper had a controversy about the toll, the former denying his liability to pay, or the right of the company to receive toll, on the ground that the road was out of repair, and the latter insisting upon the payment of toll. The defendant had previously, on the same day, passed through the gate without paying toll, expressly refusing to pay on the same ground. On neither occasion was there any artifice or imposition practiced by the defendant; and there was no force employed, as there was no resistance offered.

At the time of this occurrence, which the evidence shows was on the 12th of April, 1855, there was no penalty for passing a toll-gate without force or fraud, although with the intention of avoiding the payment of toll. But this very case was provided for in the 3d section of the act passed on the 14th day of April, 1855, just two days afterwards. (*Laws of* 1855, *ch.* 485, *p.* 874.)

That section declares, that any person who shall pass any turnpike or plank road gate, without paying the toll required by law, and with intent to avoid the payment thereof, shall, for each offence, forfeit and pay, to the corporation injured thereby, ten dollars.

This is a very decided legislative construction of the previous legislation in respect to what acts shall incur the penalty of twenty-five dollars.

The judgment of the justice should, therefore, be reversed.